DANIEL G. BOGDEN
United States Attorney
District of Nevada
JARED L. GRIMMER
Assistant United States Attorney
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada  89101
702-388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,            )<br>                                                              )<br>           Plaintiff,                                )<br>                                                              )<br>     vs.                                                  )<br>                                                              )<br>RICK VANTHIEL,                                  )<br>    AKA, Rick Spindoll,                         )<br>                                                              )<br>           Defendant.                            )<br>                                                              ) | Case No.: 2:15-CR-00340-RFB<br><br>GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION |

The United States, by and through the undersigned, opposes Defendant Rick VanThiel's Motion to Dismiss for Speedy Trial Violations (Document No. 49), (hereinafter referred to as "Defendant's Motion").  In support of its opposition, the Government respectfully submits the following Points and Authorities.  This opposition is timely filed.

**STATEMENT OF FACTS**

On September 30, 2015, the Defendant was arrested by a member of the Las Vegas Metropolitan Police Department following the execution of a state search warrant at his residence at 4928 E. Monroe Avenue, Las Vegas, Nevada.  The search warrant was related to Defendant's practice of medicine without a license.

On November 20, 2015, a complaint was sworn by Special Agent Vanitha Pandi of the FBI, which alleged Defendant's violation of 18 USC § 922(g), 924(a)(2).[1] An arrest warrant was issued by Magistrate Judge Hoffman, which was executed on November 23, 2015,[2] at which time the Defendant was transferred from state into federal custody.

On December 8, 2015, the Defendant was indicted by a Grand Jury for violations of 18 USC § 922(g), 924(a)(2).[3] On November 24, 2016, the Defendant made his initial appearance before Magistrate Judge Foley.[4] Defendant was ordered detained pending trial.[5] On December 8, 2015, the Defendant was arraigned before this Court and a plea of not guilty was entered to the counts of the Indictment.[6] Trial was set for February 9, 2016 before this Court, 63 days from the date of the indictment.

On January 27, 2016, the parties entered into a stipulation to continue the trial date, and this Court ordered the trial continued to April 19, 2016, with the continuance excludable under the Speedy Trial Act.

On March 24, 2016, the parties entered into a stipulation to continue the trial date, and this Court ordered the trial continued to June 21, 2016, with the continuance excludable under the Speedy Trial Act. As the scheduled trial conflicted with the hearing on Defendant's Motion to Suppress Evidence held on June 13, 2016, this Court rescheduled the trial date to August 23, 2016, with time excluded under the Speedy Trial Act.

---

[1] Document 1, Complaint, 2:15-mj-01105-CWH-1.
[2] Docket No. 4
[3] Docket No. 14
[4] Docket No. 5
[5] Docket No. 9
[6] Docket No. 9

On August 2, 2016, Defendant's Motion was filed with this Court. On August 3, 2016, a Federal Grand Jury returned a superseding indictment against the Defendant charging four counts of violations of Sections 922(g) and 924(a)(2) of Title 18, United States Code.SC § 922(g), 924(a)(2). The Defendant is scheduled to be arraigned before this Court on this superseding indictment on August 10, 2016.

## SUMMARY

The Defendant's motion should be denied, as no violations of the Speedy Trial Act occurred. All continuances were stipulated to by both parties and accepted by this Court.

## POINTS AND AUTHORITIES

**A. No Speedy Trial Act Violations Exist**

The Speedy Trial Act, codified at Section 3161 of Title 18, United States Code, set the time limits and exclusions for trial. The Act states that an information or indictment "shall be filed within thirty days" of arrest in connection with such charges. 18 U.S.C. § 3161(b). In any case where a plea of not guilty is entered, a trial shall commence within seventy days of the filing date of the information or indictment. 18 U.S.C. § 3161(c)(1). Excluded are periods of delay resulting from any pretrial motion, from the filing of the motion until the hearing or other prompt disposition. 18 U.S.C. § 3161(h)(1)(D). Also excluded are any continuance granted by a judge at the request of the defendant or his counsel. 18 U.S.C. § 3161(h)(7)(A).

The Defendant argues that his right to a speedy trial was violated from the date of his original arrest. Defendant was arrested as part of a joint-task force who executed a valid state warrant issued in relation to his illegal practice of medicine without a license out of a trailer on his property. Following his arrest, and custody by the state, a federal complaint was filed

3

against him.  While Defendant argues that the Federal Bureau of Investigation and therefore the United States Attorney's Office knew of his arrest and should have filed a complaint earlier, his argument holds no weight.

In support of his argument, the Defendant cites *Zedner v. United States*, 547 U.S. 489, (2006), where the Supreme Court held that where no findings on the record are made to support an ends-of-justice continuance, harmless error is not appropriate.  Here, the Defendant through his Court-appointed counsel, acceptable to the Defendant, stipulated to numerous continuances, which have been accepted by this Court who stated on the record that such time is excludable from the 70-day speedy trial clock imposed by the statute as it related to Defendant's pending motion, and which was accepted by both parties.  Defendant claims that he never authorized his counsel to continue this case and waive the speedy trial clock, but that matter is between him, his attorney, and this Court.

The parties have agreed to exclusion the period of time for speedy trial past 63 days following the Defendant's indictment.  This Court has entered finding to support this exclusion in accordance with the Speedy Trial Act.  As such, the Defendant's motion should be denied by this Court.

**CONCLUSION**

Defendant's motion should be denied as no Speedy Trial Act violations exist.  Both parties and this Court have complied with the Speedy Trial Act to exclude time for trial in

.  .  .

.  .  .

4

excess of 63 days in compliance with the Speedy Trial Act.  As such, defendant's motion can be summarily denied.

DATED this 10th day of August, 2016.

                                    Respectfully Submitted,

                                    DANIEL G. BOGDEN
                                    United States Attorney

                                    _____*/s/*_____
                                    JARED L. GRIMMER
                                    Assistant United States Attorney

**Certificate of Service**

A copy of the foregoing United States' Opposition to Defendant's Motion to Dismiss for Speedy Trial Violations, was served upon the Defendant through his court-appointed interested party, the Federal Public Defender's office, via Electronic Case Filing, and provided to the Defendant in open court on this 10th day of August, 2016.

```
                                      /s/
                            JARED L. GRIMMER
                            Assistant United States Attorney
```