RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
WILLIAM CARRICO
Assistant Federal Public Defender
Nevada State Bar No. 3042
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
William_Carrico@fd.org

Interested party for Rick David Vanthiel

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>    v.<br><br>RICK DAVID VANTHIEL,<br><br>         Defendant. | Case No. 2:15-CR-00340-RFB<br><br>**MOTION FOR RELIEF AND DISMISSAL WITH PREJUDICE** |

Pursuant to the Court's order, Assistant Federal Public Defender, William Carrico, an interested party in this proceeding, files this motion on behalf of the defendant, Rick David Vanthiel.

DATED this 24th day of October, 2016

                                                 RENE L. VALLADARES
                                                 Federal Public Defender

                                   By:  */s/ William Carrico*
                                                 WILLIAM CARRICO
                                                 Assistant Federal Public Defender

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that she is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 24, 2016, she served an electronic copy of the above and foregoing **MOTION FOR RELIEF AND DISMISSAL WITH PREJUDICE** by electronic service (ECF) to the person named below:

>DANIEL G. BOGDEN
>United States Attorney
>JARED GRIMMER
>Assistant United States Attorney
>501 Las Vegas Blvd. South
>Suite 1100
>Las Vegas, NV 89101

>*/s/ Lauren Pullen*
>Employee of the Federal Public Defender

Rick Van Thiel
c/o 2190 E. Mesquite Ave.
Pahrump, Nevada
*sui juris*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
*United States of America, Plaintiff v. Vanthiel, Defendant*
*2:15-cr-00340-RFB*

# MOTION FOR RELIEF AND DISMISSAL WITH PREJUDICE

### INTRODUCTION

Now comes, in this Court of Record, one of the People, the living, sentient, sovereign man with the given name, Rick Van Thiel (hereinafter "the Accused"), not acting under RICK VANTHIEL, the legal fiction (or any derivative thereof), (hereinafter "the Alleged Defendant"), by special appearance, with this Motion for Relief and Dismissal With Prejudice. The Accused does not otherwise acquiesce in any way to the Plaintiff's or the court's jurisdiction.

### SUMMARY

This honorable court has already stated that it intends to dismiss this matter without prejudice for a 6th Amendment Speedy Trial Act violation. The Accused is not arguing against the intended dismissal or withdrawing his motion to dismiss for a speedy trial violation, but merely wishes to persuade the court to dismiss the matter with prejudice for the reasons below.

## REASONS TO DISMISS WITH PREJUDICE

The right to a speedy trial that is enumerated in the 6th Amendment, as well all the rest of the restraints on government listed in the Bill of Rights, were put there by the architects because they were the most common abuses committed by governments across the planet and they did not want those abuses here. They did not want to grant government the power to imprison them for long periods of time, or indefinitely without a public trial. The Plaintiff's motives for all of these delays, whether it was lack of preparation, other events of higher priority, maliciousness, vindictiveness, or not, is not the issue. Whatever his reason, the Plaintiff sought the delays knowing very well that the delays would exceed his seventy day window [per the Speedy Trial Act of 1974] and cause the Accused more harm with extended imprisonment against his will (maybe that was the Plaintiff his goal?). The Plaintiff made no attempts to contact the Accused and ask for permission to delay his trial for any of the delays. Each time the trial was delayed the Accused was notified after procurement of the delay. The Accused is the only one with the power to permit a trial delay of the type and length that was sought after and procured by the Plaintiff; the Accused never authorized any agent to agree to a delay. All other actors involved were restrained by the constitution by which they exist from delaying an Accused's trial without his permission because the Accused is the only one being deprived of the enjoyment of his life and health over each additional day of imprisonment as he awaited the outcome of his trial, and most importantly, he is the sole holder of the right.

The proper thing to do is to dismiss this matter with prejudice. The Plaintiffs, with their delays, have intentionally or recklessly robbed the Accused of over a year of life (kidnapping), cost him a detrimental amount of health so far, and caused him an immeasurable amount of physical, financial and emotional hardship; while the Accused would never intentionally harm anyone. The Accused does not wish to play with these men any longer; he does not recognize their corporate commercial codes and they do not recognize [his] natural law[2]. Rewarding them with one more Speedy Trial Clock would put

the Accused's egregious imprisonment at over four-hundred (400) days without being convicted of anything at all.

See *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976, (2006) *"The knowledge that a violation could potentially result in the imposition of this sanction gives the prosecution a powerful incentive to be careful about compliance"*. Where is that "powerful incentive" to begin trial on time when a dismissal without prejudice only gives them the delay they wanted? There *is* no incentive without the risk of losing to those they are attacking. There is no justice to be served by this prosecution and certainly no justice in burdening the Accused and the public with the cost of an additional prosecution. The Plaintiffs do not even have a victim in fact or imagined to protect or avenge. Ordinarily they would have no Article III standing in this court, but by calling themselves "the government" seems to have magically granted them an exemption and the power to attack another Sovereign that no non-government people could do without an injury and the Sovereign's permission.

The purpose for dismissing the matter will be vitiated by dismissing it without prejudice if the Plaintiffs seek another indictment from the grand jury; which they are sure to get from this current grand jury. The completed violations by the Plaintiffs cannot be cured by granting them another opportunity to attack the Accused, which is essentially just more delay and litigation. Dismissing without prejudice actually nullifies the very purpose of the 6th Amendment and the Speedy Trial Act of 1974 and converts a the dismissal into another delay. There is always the possibility that the Plaintiff(s) will not attack again and more-than-likely that is contingent on whether or not they win or lose their appeal against this court's ruling for suppressing the evidence seized from the semi-trailer and locked vault at the 9th Circuit. But why give them the chance when they failed to bring the Accused to trial on time the first time while holding him prisoner and depriving him of freedom?

Two weeks before trial A.U.S.A., Jared Grimmer vindictively "superseded" his first indictment (who knows how that passes constitutional muster when it is essentially a belated indictment) for

firearms, with a second one, doubling the *bill* by adding ammunition *charges* in an attempt to force the Accused to delay his trial so he could "prepare to combat the new charges". The Plaintiff had the ammunition evidence antecedent to his 8 December 2015 indictment, doubling the charges in the eleventh hour was obvious to anyone listening (transcripts are not available to the Accused at this time), that the "superseding indictment" was retaliation for not accommodating him with more delay. See *Willhauck v. Halpin*, 953 F.2d 689, 711 (1st Cir. 1991) *"Prosecutorial discretion is subject to constitutional restraints. It is a violation of due process when a defendant, as a result of the exercise of his rights to attack his conviction, is subsequently subjected to more severe sentencing after retrial, or reindictment on a more severe charge. It is a violation of due process for a prosecutor or judge, out of vindictiveness, to attempt to penalize a defendant in the exercise of his legal rights."* The Accused exercised his right to move forward to trial, and within days was subjected by the Plaintiff to <u>*four*</u> charges of 922(g)(1) instead of <u>*two*</u>. U.S. v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001) *"A prosecutor violates the Due Process Clause of the Fifth Amendment by exacting a price for a defendant's exercise of a clearly established right or by punishing the defendant for doing what the law plainly entitles him to do. Thus, if a prosecutor responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge against him, he acts unconstitutionally. Such retaliatory conduct amounts to vindictive prosecution and is unconstitutional."* Although the Accused has not appealed (in this matter), he was retaliated against for exercising what the law plainly entitled him to do. See *Wilson* at 314, *"It is now well established that a prosecutor violates the Due Process Clause of the Fifth Amendment by exacting a price for a defendant's exercise of a clearly established right or by punishing the defendant for doing what the law plainly entitles him to do. See United States v. Goodwin, 457 U.S. 368, 372, 73 L. Ed. 2d 74, 102 S. Ct. 2485 (1982); North Carolina v. Pearce, 395 U.S. 711, 724, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). Thus, if a prosecutor responds to a defendant's successful exercise of his right to appeal by bringing a more serious charge against him, he acts unconstitutionally. See*

*Blackledge v. Perry, 417 U.S. 21, 28-29, 40 L. Ed. 2d 628, 94 S. Ct. 2098 (1974). Such retaliatory conduct amounts to vindictive prosecution and is unconstitutional. Indeed, "to punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the [United States] to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" Bordenkircher v. Hayes, 434 U.S. 357, 363, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978) (citations omitted)."*

Increased severity also shows vindictiveness, as the charges were doubled by the Plaintiff(s) immediately after exercising the right to move to trial. See *United States v. Garza-Juarez*, 992 F.2d 896, 903 (9th Cir. 1993) *"Evidence indicating a realistic or reasonable likelihood of vindictiveness may give rise to a presumption of vindictiveness on the government's part. To establish a claim of vindictive prosecution the defendant must make an initial showing that charges of increased severity were filed because the accused exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness."* In the *Wilson* case the entire prosecution was retaliatory, whereas in this federal matter it is only counts *three* and *four* of the "superseding indictment".

The burden shifts to the Plaintiff to rebut the presumption that doubling the charges in a "superseding indictment" was not vindictive or motivated by a desire to punish the Accused for the exercise of a right, and to show cause why a "with prejudice" dismissal is not warranted. *"A prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right. A defendant may establish vindictive prosecution (1) by producing direct evidence of the prosecutor's punitive motivation, or (2) by showing that the circumstances establish a reasonable likelihood of vindictiveness, thus giving rise to a presumption that the Government must in turn rebut."* US v. Kent, 633 F.3d 920, 925 (9th Cir.)

Truthfully, this entire attack against the Accused (both state and federal), initiated on 9 September 2015 in the Regional Justice Center, and escalated to full-on war action, just short of killing

people at the Accused's home on 30 September by Kenneth Mead was in retaliation for filing an appeal against a conviction for *not* having automobile insurance without one shred of evidence that the Accused did not have it. This is provable, and it makes all subsequent prosecutions to it vindictive. *U.S. v. Gary*, 291 F.3d 30, 34 (D.C. Cir. 2002), "*In the prosecutorial context, the doctrine precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution.*" How can the Plaintiff claim that he was seeking justice when he ran to the grand jury for a new and double indictment the day after the Accused made it clear that he wanted to keep his current trial on the scheduled date that it was set for?

Furthermore, Clark County District Attorney Marc DiGiacomo admitted to the media that there is collusion happening between him and the federal prosecutors; basically and essentially, a conspiracy to take down the Accused for filing the appeal that more-than-likely would have overturned *Nevada Revised Statute* number 485.187(c), (the "*surrender upon demand to a peace officer*" auto insurance statute for STATE OF NEVADA).

The Plaintiff gave no definite substantial reasons for seeking the delays that would outweigh the rights of the Accused, and the Accused has definitely been prejudiced by being held prisoner in excess of seventy days without a trial. Both prongs of the Sherlock test are satisfied. See *United States v. Sherlock*, 962 F.2d 1349, 1364 (9th Cir. 1992) "*The U.S. Const. amend. V guarantees that defendants will not be denied due process as a result of excessive preindictment delay. The court scrutinizes a violation of this guarantee under a two-pronged test. First, defendants must prove they suffered actual, non-speculative prejudice from the delay. Second, they must show that the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of the civil and political institutions.*" The Accused was not indicted for sixty-nine days (superseded after 8 months) after the 30 September 2015 raid and unlawful arrest, **and was not given a trial within seventy days**. These facts are on the record and cannot be disputed by the Plaintiffs.

Further delay only creates more harm to the Accused if and when the Plaintiff launches another attack. The greater the delay the less physically able the Accused is to handle a trial. I'll spare the court the details, but he has never thrived in confinement. If the trial proceeded on schedule, as the Accused presumed it would have, then this matter would have been over back when the Accused was mentally and physically stronger, and would have been better able to perform for the jury. By this fact the Accused is prejudiced. See *United States v. Barket*, 530 F.2d 189 (8th Cir. 1976) *"A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."* Whether the delay was for the "superseding indictment" or for the lack of being ready for trial matters not the Accused, it was the Plaintiff's responsibility to start the trial within seventy days. The indictment should be dismissed with prejudice in the interest of fairness.

These men, Kenneth Mead, Daniel Cowhig, and Jared Grimmer, the Plaintiffs, do not recognize the basic natural rights of man; i.e. the right to determine your own destiny, to seek your own happiness, equality, and the right to live in peace with your fellow man. They only recognize codes and statutes. They enforce their codes and statutes on people while committing real crimes against them in the process. They do not know a moral act from an immoral act or a right action from a wrong action. The Accused on the other hand, does not recognize their codes and statutes, as he made very clear in his unrebutted Affidavit of Truth in support of his Motion to Strike the Indictment (Document #51).

The Accused recognizes and governs his life by Natural Law[2] (the law that all other law should comport to), and he believes that all men were created free and equal. These men [by all appearances] believe it is okay to harm others, that have harmed no one, as long as you call yourself "the government". See *Olmstead*[1] at 479, *"Experience should teach us to be most on our guard to protect*

*liberty when the government's purposes are beneficent. Men born to freedom are naturally alert to repel invasion of their liberty by evilminded rulers. The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning, but without understanding.*" These men and the Accused will never agree, we live by two different types of law that are predominantly foreign and in opposition to each other. But we can agree to disagree and live in peace with each other. Then these men can continue their usurpation and oppression on all of the ignorant government educated citizens that do not know the difference between a *malam prohibitum* statute and a *mala in se* crime.

Humans love war, conflict and aggression against other humans because the egoic mind cannot survive without it; and the Plaintiffs are no exceptions. They violently and sadistically attacked in the early morning, disturbing the peace and sanctity of a man's home, and terrorizing all inhabitants like an invading army against an enemy they have declared war on in a foreign land. They initiated this battle with the Accused, and did it in repugnance to their intended purpose as public servants, and for what gain? This court holds the power to dismiss with prejudice and permanently end this year long war that these Plaintiffs have declared, and it holds the power to extend it until the Accused becomes just another casualty.

The Accused wishes to live his life in peace, and has a right to live in peace with all, free from government intrusion. See *MINDEL, v. UNITED STATES CIVIL SERVICE COMMISSION* 312 F. Supp. 485; 1970, quoting; "*As Justice Brandeis said in his dissent in Olmstead v. United States*, 277 U.S. 438, 478, 48 S. Ct. 564, 572, 72 L. Ed. 944 (1928): *The makers of our Constitution * * * sought to protect Americans in their beliefs, their thoughts, their emotions and their sensations. They conferred, as against the government, the right to be let alone - the most comprehensive of rights of man and the right most valued by civilized men.*" Dismissing this matter with prejudice will save the U.S. Attorney's office, the District Court, the 9th Circuit, and the Accused and lot of valuable time, energy and money that could and should be put toward the betterment of humanity instead of using it to create conflict and

adversity where there is none and none should be.

## CONCLUSION

This honorable court has already made it clear that it intends to dismiss this matter without prejudice for the completed 6th Amendment violations, the Accused is only asking that the dismissal be adjusted to "with prejudice". This honorable court has already suppressed all of the evidence except a half of a box of .22 caliber ammunition for Kenneth Mead's grossly unreasonable search and seizure execution. The Plaintiffs have appealed that suppression ruling, which will cause frivolous litigation to go on for years if this matter is not brought to a close by dismissing it with prejudice. The Plaintiffs are not seeking any justice, they are trying to vindicate themselves.

If this matter is dismissed with prejudice, as the Accused believes it should be, then he will not be here to expose the boldface lies in the indictment, the usurpation, oppression and the numerous crimes committed against the Accused by the men of government; and that is better for all parties involved. See *Olmstead[1]* at 479, "*To prove its case, the government was obliged to lay bare the crimes committed by its officers on its behalf. A federal court should not permit such a prosecution to continue*". For all the reasons above and in the interests of justice and efficiency, the Accused requests this honorable court to dismiss this matter with prejudice at its earliest possible convenience.

*Much respect,*

Rick Van Thiel, *sui juris*   13 Oct '16

---

1. **Olmstead** quotes are from Justice Brandeis in his dissent.

2. **Natural Law:** The first order of law is Natural Law. These are the Supreme Creator's Pillars of Universal Law and in Principle, which so necessarily agrees with nature and State-Of-Man. Without observing their inherent maxims, the peace and happiness of any society as a social compact can never be preserved. Knowledge of natural laws may be attained merely by the light of reason, from the facts of their essential agreeableness with the constitution of moral entities in nature. Natural Law exists regardless of whether is is enacted as positive law or regarded in any other light whatsoever or cloaked in darkness by whomever or by whatever means.

# AFFIDAVIT OF TRUTH REGARDING SPEEDY TRIAL VIOLATIONS

1. Rick Van Thiel, hereinafter "The Affiant", is of the age of majority; and

2. The Affiant is of sound mind; and

3. The Affiant is ready, willing and able (unless being held captive) to testify in open court to the veracity of the facts herein; and

4. The Affiant is a sovereign, sentient living man with the given name, David Rick Van Thiel (although the Affiant has always gone by "Rick", "David" has never been used). The Affiant is not a citizen of any body politic, does not use a Social Security Number (the autograph was revoked from the original SS5 form for fraud), does not possess any licenses, does not act under a birth certificate or artificial person, and does not refer to the day he was told he was born as a "date of birth". The Affiant is free, autonomous, subject to no man, and no man is subject to him.

5. The Affiant does not reside "in the State and Federal District of Nevada".

6. The Affiant is not RICK VANTHIEL, the corporate legal fiction creation-of-the-state that is referred to in the indictment or case number: *2:15-cr-00340-RFB - United States of America, Plaintiff v. Vanthiel, Defendant*. Neither is the Affiant a PERSON or PROHIBITED PERSON, nor will the Affiant act as, under, for, nor as the trustee for RICK VANTHIEL, nor any derivative thereof.

7. The Affiant never would have waived a moment of time in this matter is because his goal is not necessarily to win, but to make it *end* as soon as possible.

8. The Affiant is not attached to the outcome. If the Affiant wins his life back, that would be wonderful; and if he loses, and his human experience comes to an end, that is good as well, because the attack and the accompanying misery is equally as over as a win.

9. The Affiant does not wish to live as a slave or a prisoner; and if death is the price, the Affiant considers that price a bargain.

10. The Affiant is happy that the court granted the motion to suppress, but he never would have have paid a Speedy Trial Clock for it; and seven more months of imprisonment would never have even been considered. The Affiant is too old and emaciated to consent to a single delay of any significance as each passing day of imprisonment is causing further deterioration of both mind and body.

I, Rick Van Thiel affirm that the above is true, correct and not misleading to best of my knowledge, under my own unlimited commercial liability and under pains and penalties of perjury,

*[signed]* Rick Van Thiel    13 Oct '16
_____    _____
Rick Van Thiel, *sui juris*    Date